**September 30, 2010**

<u>Guitard v. United Association of Sprinkler Fitters and Apprentices, Local Union No. 676</u>, Case No. 3:09-CV-1038(RNC)

Re: Motion to Dismiss or for Summary Judgment (Doc. 13):

Denied.  Plaintiff Guitard brings this action against defendant Local 676 claiming that it removed him from an apprenticeship program and terminated his membership in the union because of his disability in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a)(3).  Plaintiff alleges that his disability adversely affected his ability to attend certain apprenticeship classes, that he asked the defendant for a reasonable accommodation, and that his request was refused, resulting in his removal from both the apprenticeship program and the union.  The defendant has moved to dismiss or, alternatively, for summary judgment.  It contends that the decision to remove the plaintiff from the apprenticeship program was made by a separate legal entity, the Joint Apprenticeship Committee ("JAC").  It further contends that plaintiff's union membership was terminated automatically for failure to pay union dues.  Plaintiff responds that, even assuming the JAC made the decision to expel him for missing classes, the defendant caused him to be expelled by instructing him that he was not to return to the classes.  Plaintiff further responds that defendant's reliance on nonpayment of dues is merely a pretext for discrimination.  The motion to dismiss is denied because the claim satisfies the plausibility standard of <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  The motion for summary judgment is denied because the case presents genuine issues of material fact regarding (1) the events that led to, and the timing of, plaintiff's removal from the apprenticeship program and the union; (2) whether the defendant's alleged instruction to the plaintiff that he not attend apprenticeship classes resulted in his removal from both the program and the union; and (3) whether the defendant's actions were motivated by discrimination.  So ordered.

                                          /s/ Robert N. Chatigny
                                            Robert N. Chatigny
                                       United States District Judge